ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
MICHAEL C. MILLER
Assistant Chief Counsel
SARA EAGLE (SE 7044)
LORI BUTLER (LB 2349)
Attorneys
Attorneys for Plaintiff:
PENSION BENEFIT GUARANTY CORPORATION
1200 K STREET, N.W.
SUITE 340
WASHINGTON, D.C. 20005
Ph: (202) 326-4020, ext. 3881
Fax: (202) 326-4112
Email: eagle.sara@pbgc.gov and efile@pbgc.gov

E-filing

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

In re: THE NEW UNITED MOTOR MANUFACTURING, ) 
INC./UAW HOURLY DEFINED BENEFIT PLAN )
)
PENSION BENEFIT GUARANTY ) Civil Action No. CV 10 0898
CORPORATION )
)
Plaintiff, ) **COMPLAINT**
)
v. ) Filing Date: _____
)
ADMINISTRATIVE COMMITTEE FOR THE NEW )
UNITED MOTOR MANUFACTURING, INC./UAW )
HOURLY DEFINED BENEFIT PLAN, SAVINGS AND )
RETIREMENT COMMITTEE, and NEW UNITED )
MOTOR MANUFACTURING, INC., each as )
administrator of the New United Motor Manufacturing, )
Inc./UAW Hourly Defined Benefit Plan )
)
Defendants. )
)

COMPLAINT

## COMPLAINT

## ADMINISTRATIVE PROCEDURE ACT CASE

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461. Plaintiff, the Pension Benefit Guaranty Corporation ("PBGC"), files this Complaint, pursuant to 29 U.S.C. §§ 1342(c) and 1348(a), seeking an order (a) terminating The New United Motor Manufacturing, Inc./UAW Hourly Defined Benefit Plan (the "Plan"), (b) appointing PBGC statutory trustee of the Plan, and (c) establishing March 3, 2010, as the termination date for the Plan.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 1342(e) and (f), and has jurisdiction without regard to the amount in controversy, 29 U.S.C. § 1303(e)(3).

3. Venue lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g).

## INTRADISTRICT ASSIGNMENT

4. Intradistrict Assignment lies in this Court as the Plan is administered in Fremont California.

## PARTIES

5. Plaintiff, PBGC, is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer the pension plan termination insurance program created by Title IV of ERISA. When an underfunded pension plan terminates, PBGC pays statutorily guaranteed pension benefits to plan participants. 29 U.S.C. §§ 1302(a)(2), 1321, 1322.

6. Defendant is the committee appointed, pursuant to the Plan's terms, by New United Motor Manufacturing, Inc. ("NUMMI") to administer the Plan. If no committee has been so appointed, NUMMI is the Plan administrator within the meaning of 29 U.S.C. §§ 1301(a)(1), 1002(16)(A), and is the Defendant. On information and belief, the Committee is located in Fremont, California, and NUMMI is located in Fremont, California.

## NUMMI

7. NUMMI, a California corporation, was a joint venture between Toyota Motor Corporation and General Motors Corporation ("GMC").

8. Toyota Motor Corporation, or an affiliated Corporation, owns 50 percent of NUMMI stock. GMC, or an affiliated Corporation, owned the other 50 percent of NUMMI stock.

9. On June 1, 2009, GMC filed Chapter 11 bankruptcy. GMC's plan of reorganization left its NUMMI shares with that portion of GMC that remained in GMC's bankruptcy estate, now Motors Liquidation Corporation ("MLC"). On information and belief, MLC remains a shareholder in the NUMMI joint venture.

10. NUMMI had contracts to produce the Pontiac Vibe, a GMC vehicle, and the Toyota Corolla and Tacoma.

11. In June 2009, GMC announced it would end its Pontiac Vibe production contract with NUMMI. Pontiac Vibe production ceased at NUMMI in August 2009.

12. On August 27, 2009, Toyota announced that it would end its Corolla and Tacoma production contracts with NUMMI as of March 31, 2010.

## THE PLAN

13. NUMMI is the Plan sponsor within the meaning of 29 U.S.C. § 1301(a)(13)

14. The Plan is a tax-qualified, single-employer, defined benefit pension plan that is covered by Title IV of ERISA. 29 U.S.C. § 1321(a).

15. The Plan provides pension benefits to certain present and former employees of NUMMI represented by the International Union, UAW and its Local 2244, and to their beneficiaries.

16. The Plan has approximately 5,800 participants.

## THE PLAN ADMINISTRATOR

17. Pursuant to section 8.1 of the Plan, a committee appointed by NUMMI of not fewer than three members is the Plan administrator within the meaning of 29 U.S.C. §§ 1301(a)(1), 1002(16).

18. A committee referred to as the Savings and Retirement Committee has been identified as the Plan administrator on some documents. However, it is unclear if this committee is currently active or appointed in accordance with Plan section 8.1.

19. If no committee appointed pursuant to section 8.1 of the Plan currently exists, NUMMI is the Plan administrator within the meaning of 29 U.S.C. §§ 1301(a)(1), 1002(16).

20. Pamela Fong, NUMMI's Chief Personnel Officer, has been held out as representing the Plan administrator.

## CAUSE OF ACTION

21. PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings to terminate a plan whenever PBGC determines, *inter alia*, that a plan will be unable to pay benefits when due,

29 U.S.C. § 1342(a)(2), and that the possible long-run loss of PBGC with respect to the Plan may reasonably be expected to increase unreasonably if the plan is not terminated. 29 U.S.C. § 1342(a)(4).

22. PBGC has determined, pursuant to 29 U.S.C. § 1342(a)(2) and (a)(4), that the Plan will be unable to pay benefits when due, and that the possible long-run loss of PBGC with respect to the Plan may reasonably be expected to increase unreasonably if the plan is not terminated. PBGC has also determined that the Plan's termination date should be March 3, 2010. PBGC will file an administrative record with respect to its determinations concerning the Plan.

23. On March 3, 2010, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") dated February 26, 2010, to the administrative committee of the Plan, the Savings and Retirement Committee, and NUMMI, each as Plan administrator of the Plan. The Notice stated that PBGC has determined that the Plan will be unable to pay benefits when due, and that the possible long run loss of PBGC with respect to the Plan may reasonably be expected to increase unreasonably if the Plan is not terminated. A copy of the Notice is attached hereto as Exhibit 1.

24. On March 3, 2010, contemporaneous with filing this complaint, PBGC will send the Notice by facsimile and Federal Express to the NUMMI's president, NUMMI's Chief Personnel Officer, and NUMMI's counsel.

25. PBGC has also caused a notice to be published on March 3, 2010, advising Plan participants of PBGC's determination both to terminate the Plan and to have March 3, 2010, established as the Plan's termination date. That Notice was published in both the Oakland

Tribune, the primary newspaper for the location where NUMMI operates and has its offices, and the USA Today.

26. Pursuant to 29 U.S.C. § 1342(c), termination of the Plan is necessary to protect the interests of Plan participants and to avoid any unreasonable increase in liability to the PBGC insurance fund.

27. Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a date of termination.

28. PBGC and the Plan administrator have not agreed on a date of plan termination.

29. March 3, 2010, should be established as the date of Plan termination pursuant to 29 U.S.C. § 1348(a)(4), because as of that date, Plan participants received constructive notice of the Plan termination and no longer had any justifiable expectations of Plan continuation. And, establishment of that date furthers the interests of PBGC by preventing PBGC's long-run loss from increasing unreasonably, thus preventing an unreasonable increase in the liability of the PBGC insurance fund.

30. Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(b)(1) provides that PBGC "may request that it be appointed as trustee of a plan in any case."

31. The PBGC is ready, willing and able to serve as statutory trustee of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, PBGC respectfully requests this Court grant judgment for PBGC and issue an order granting the following relief:

1. Adjudicating the Plan terminated pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC statutory trustee of the Plan pursuant to 29 U.S.C. § 1342(c);

3. Establishing March 3, 2010, as the termination date of the Plan pursuant to 29 U.S.C. § 1348(a)(4);

4. Directing the Plan administrator and any other person or entity having possession, custody or control of any records, assets or other property of the Plan, to transfer, convey and deliver all such records, assets, and property to PBGC as statutory trustee upon request under 29 U.S.C. § 1342(d)(1); and

5. Granting such other relief as the Court deems just and proper.

March 1, 2010

Sara B. Eagle, Attorney for PBGC

Israel Goldowitz
Chief Counsel
Charles L. Finke
Deputy Chief Counsel
Michael Miller
Assistant Chief Counsel
Lori Butler
Attorney
Pension Benefit Guaranty Corporation
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005
(202) 326-4020, ext. 3881
eagle.sara@pbgc.gov

# EXHIBIT ONE



**PBGC** **Pension Benefit Guaranty Corporation**
Protecting America's Pensions  1200 K Street, N.W., Washington, D.C. 20005-4026

FEB 26 2010

Office of the Executive Director

SENT VIA FACSMILIE AND FEDERAL EXPRESS

The administrative committee for
The New United Motor Manufacturing,
Inc. Defined Benefit Plan,
 Plan Administrator
C/O Ms. Pamela Fong, Chief Personnel Officer
New United Motor Manufacturing, Inc.
45500 Fremont Blvd.
Fremont, CA 94538
Fax Number: (510) 770-4155

Savings and Retirement Committee,
 Plan Administrator
C/O Ms. Pamela Fong, Chief Personnel Officer
45500 Fremont Blvd
Fremont, CA 94538
Fax Number: (510) 770-4155

New United Motor Manufacturing, Inc.
 Plan Administrator
C/O Mr. Kunihiko Ogura, President
45500 Fremont Blvd.
Fremont, CA 94538
Fax Number: (510) 770-4498

EIN/PN: 942930678/004
PBGC Case Number: 21558700
Plan Name: The New United Motor
Manufacturing, Inc./UAW Hourly
Defined Benefit Plan

## NOTICE OF DETERMINATION

PLEASE TAKE NOTICE that the Pension Benefit Guaranty Corporation ("PBGC") has determined under section 4042(a)(2) and (4) of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1342(a)(2), and (4), that The New United Motor Manufacturing, Inc. / UAW Hourly Defined Benefit Plan ("Plan") will be unable to pay benefits when due if the Plan is not terminated, and that the possible long run loss to PBGC may be reasonably expected to increase unreasonably if the Plan is not terminated. PBGC has further determined, under ERISA § 4042(c), 29 U.S.C. § 1342(c), that the Plan must be terminated in order to protect the interests of the Plan's participants, and to avoid any unreasonable increase in the liability to PBGC's fund. Accordingly, PBGC intends to proceed under ERISA § 4042, 29 U.S.C. § 1342, to have

Page 2 of 2

the Plan terminated and PBGC appointed as statutory trustee, and under ERISA § 4048, 29 U.S.C. § 1348, to have March 3, 2010, established as the Plan's termination date.

PBGC has completed its decision-making process in this matter; accordingly, this determination is effective on the date it is issued.

PENSION BENEFIT GUARANTY CORPORATION

*[signature]*

Vincent Snowbarger
Director