SUSAN K. HOFFMAN, Bar No. 19498
Specially Appearing *Pro Hac Vice*
LITTLER MENDELSON, P.C.
Three Parkway, Suite 1400
1601 Cherry Street
Philadelphia, PA 19102
Telephone: 267 402 3000
Facsimile: 267 402 3131
Email: shoffman@littler.com

NANCY L. OBER, Bar No. 49683
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415 399 8490
Email: nlober@littler.com

Attorneys for Defendants
ADMINISTRATIVE COMMITTEE FOR THE
NEW UNITED MOTOR MANUFACTURING,
INC./UAW HOURLY DEFINED BENEFIT PLAN,
SAVINGS AND RETIREMENT COMMITTEE,
and NEW UNITED MOTOR MANUFACTURING,
INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATIVE COMMITTEE FOR THE NEW UNITED MOTOR MANUFACTURING, INC./UAW HOURLY DEFINED BENEFIT PLAN, SAVINGS AND RETIREMENT COMMITTEE, and NEW UNITED MOTOR MANUFACTURING, INC. each as administrator of the New United Motor Manufacturing, Inc./UAW Hourly Defined Benefit Plan,,<br><br>Defendants. | Case No. CV-10-0898 WHA<br><br>**ANSWER TO COMPLAINT** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT

Case No. CV-10-0898 WHA

For their answer to the Complaint on file in this action, Defendants ADMINISTRATIVE COMMITTEE FOR THE NEW UNITED MOTOR MANUFACTURING, INC./UAW HOURLY DEFINED BENEFIT PLAN, SAVINGS AND RETIREMENT COMMITTEE, and NEW UNITED MOTOR MANUFACTURING, INC. ("Defendants") admit, deny and allege as follows:

1. Answering paragraph 1 of the Complaint, Defendants admit that Plaintiff's Complaint purports to seek relief under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1301-1461. Defendants deny that Plaintiff is entitled to relief under such Act and otherwise deny the allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. The allegations of paragraph 2 of the Complaint state conclusions of law to which no response is necessary. To the extent a response is deemed appropriate, Defendants admit the allegations of paragraph 2, but deny any implication contained in said paragraph that relief under 29 U.S.C. § 1342(e) or (f), or any other provision of ERISA, is appropriate or necessary.

3. The allegations of paragraph 3 of the Complaint state conclusions of law to which no response is necessary. To the extent that a response is deemed appropriate, Defendants admit the allegations of paragraph 3.

## INTRADISTRICT ASSIGNMENT

4. The allegations of paragraph 4 of the Complaint state conclusions of law to which no response is necessary. To the extent that a response is deemed appropriate, Defendants admit the allegations of paragraph 4.

## PARTIES

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to which Defendant is referenced in the first sentence of said paragraph and therefore deny the allegations contained in said sentence. Defendants admit the remaining allegations of paragraph 6 of the Complaint. Further answering said paragraph, Defendants affirmatively allege that the Savings and Retirement Committee has been duly appointed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

ANSWER TO COMPLAINT 2. Case No. CV-10-0898 WHA

to administer the Plan, and that said Committee, not New United Motor Manufacturing, Inc. ("NUMMI") is the Plan administrator.

### NUMMI

7. Defendants admit the allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of paragraph 8 of the Complaint.

9. Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit the allegations of paragraph 11 of the Complaint.

12. Defendants admit the allegations of paragraph 12 of the Complaint. Further answering said paragraph, Defendants affirmatively allege that Toyota subsequently announced that its production contracts with NUMMI would end as of April 1, 2010.

### THE PLAN

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants admit the allegations of paragraph 14 of the Complaint.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint.

### THE PLAN ADMINISTRATOR

17. Defendants admit the allegations of paragraph 17 of the Complaint.

18. Defendants admit the allegations of the first sentence of paragraph 18 of the Complaint. Defendants deny the remaining allegations of said paragraph. Defendants affirmatively allege that the Savings and Retirement Committee is currently active and was duly appointed in accordance with section 8.1 of the Plan.

19. Defendants admit the allegations of paragraph 19 of the Complaint. Further answering the allegations of said paragraph, Defendants affirmatively allege that the Savings and Retirement Committee currently exists and was duly appointed as Plan administrator pursuant to section 8.1 of the Plan.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT 3. Case No. CV-10-0898 WHA

20. Answering paragraph 20 of the Complaint, Defendants admit that Ms. Fong is NUMMI's Chief Personnel Officer and that Ms. Fong has been a spokesperson for the Plan administrator.

## CAUSE OF ACTION

21. The allegations of paragraph 21 of the Complaint state conclusions of law to which no response is necessary. To the extent that a response is deemed appropriate, Defendants deny any and all factual allegations and implications contained in said paragraph with respect to the Plan. Defendants specifically deny any implication that the Plan will be unable to pay benefits when due, and affirmatively allege that the Plan has paid and is paying benefits when due.

22. Defendants admit that PBGC sent Defendants a notice indicating that it has reached the determinations described in the first two sentences of paragraph 22 of the Complaint, but deny that the PBGC's determinations are valid or correct. Defendants specifically deny that the Plan will be unable to pay benefits when due, and affirmatively allege that the Plan has paid and is paying benefits when due. Defendants further deny that the Plan's termination date should be March 3, 2010. With respect to the allegation in the last sentence of paragraph 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief about the truth of such allegation and therefore deny the same.

23. Defendants admit that they received a notice dated February 26, 2010, a copy of which is attached to the Complaint as Exhibit 1. Defendants are without knowledge or information sufficient to form a belief as to the date such notice was issued and therefore deny the allegation concerning the issuance date. With respect to the remaining allegations of paragraph 23 of the Complaint, Defendants deny the allegations because they purport to state the terms of a document that speaks for itself. To the extent that a further response is deemed appropriate, Defendants deny that the statements contained in the notice attached as Exhibit 1 to the Complaint are valid or correct. Defendants specifically deny that the Plan will be unable to pay benefits when due, and affirmatively allege that the Plan has paid and is paying benefits when due. Defendants further deny that the Plan's termination date should be March 3, 2010.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT 4. Case No. CV-10-0898 WHA

24. Defendants admit the allegations of paragraph 24 of the Complaint.

25. Defendants admit the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. The allegations of paragraph 27 of the Complaint state conclusions of law to which no response is necessary. To the extent a response is deemed appropriate, Defendants deny the allegations of paragraph 27.

28. Defendants admit the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint. Defendants affirmatively allege that March 3, 2010 should not be established as the Plan's date of termination.

30. The allegations of paragraph 30 of the Complaint state conclusions of law to which no response is necessary. To the extent a response is deemed appropriate, Defendants deny the allegations of paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint, and therefore deny such allegations.

## AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim on which relief may be granted and should be dismissed.

WHEREFORE, Defendants respectfully pray that the Court:

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                    5.                    Case No. CV-10-0898 WHA

1. Dismiss the Complaint in its entirety; and

2. Grant such other and further relief as the Court deems just and proper.

Dated: April 2, 2010

_____
NANCY L. OBER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ADMINISTRATIVE COMMITTEE FOR THE NEW UNITED MOTOR MANUFACTURING, INC./UAW HOURLY DEFINED BENEFIT PLAN, SAVINGS AND RETIREMENT COMMITTEE, and NEW UNITED MOTOR MANUFACTURING, INC.

Firmwide:94881558.1 048320.1052